IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACKIE CARTER,

                    Plaintiff,                  OPINION & ORDER

   v.

                                                  10-cv-280-wmc

GREGORY GRAMS, JANEL NICKEL,
DYLAN RADTKE, THOMAS JAKUSZ,
MARY LEISER, AMY MILLARD, DAVID
LIPINSKI, LORI ALSUM, DR. DALIA
SULIENE, DONALE MIECHUS, MICHAEL
PIETRZAK, and JASON RHODES,

                    Defendants.

---

JACKIE CARTER,

                    Plaintiff,                  OPINION & ORDER

   v.

                                                  10-cv-510-wmc

DYLAN RADTKE, GREGORY GRAMS,
JANEL NICKEL, RICK RAEMISCH,
JOANNE LANE, MARY LEISER, and
ALICE ROGERS,

                    Defendants.

---

JACKIE CARTER,

                    Plaintiff,                  OPINION & ORDER

   v.

                                                  10-cv-520-wmc

DYLAN RADTKE, DAVID LIPINSKI,
JOANNE LANE, and MARY LEISER,

                    Defendants.

---

JACKIE CARTER,

                Plaintiff,                OPINION & ORDER

   v.

                                              11-cv-110-wmc

LILLIAN TENEBRUSO, JOANNE LANE,
MARY LEISER, BRIAN NEUMAIER, DALIA
SULIENE, STEVE HELGERSON, TODD
GUNDERSON, and DONALD MEICHUS,

                Defendants.

---

JACKIE CARTER,

                Plaintiff,                OPINION & ORDER

   v.                                              12-cv-574-wmc

MICHAEL MEISNER, JANEL NICKEL,
DONALD MORGAN, JOANNE LANE,
MARY LEISER, DALIE SULIENE, KAREN
ANDERSON, THOMAS F. SCHOENEBERG,
RICHARD DONAVAN, and RAYMOND
BANDEKO,

                Defendants.

---

      Plaintiff Jackie Carter, an inmate at Columbia Correctional Institution ("CCI"), has five pending civil lawsuits as reflected in the caption above. In this opinion and order, the court addresses all pending motions across these five open cases. *First*, defendants have moved for summary judgment of Nos. 10-cv-280, 10-cv-520 and 11-cv-110 for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The court will grant these motions in their entirety and dismiss those three actions without prejudice. *Second*, defendants have also filed a motion to compel discovery responses in the two remaining actions, Nos. 10-cv-510 and

12-cv-574. The court will deny that motion as moot in light of plaintiff's representation through counsel that he cannot supplement his responses due to his failure to remember any additional details. *Third*, plaintiff still has pending a second motion for extension of time to disclose experts in 12-cv-574. The court will grant in part and deny in the part this motion. Plaintiff's deadline will be extended until December 30, 2013; defendants' deadline is extended to until February 14, 2014; and the dispositive motion deadline of February 14, 2014, remains in place.

OPINION

I. Motions for Summary Judgment

As extensively detailed in defendants' motions for summary judgment and supporting materials, for three of these lawsuits, plaintiff either (1) filed his complaints in this court before a final decision was issued in the administrative process or (2) filed complaints based on grievances which had been rejected and for which Carter failed to appeal the rejection. In either event, the undisputed record demonstrates that Carter failed to exhaust his administrative remedies before filing suit.

A. Overview of the Law

The Prison Litigation Reform Act states that no civil action "shall be brought with respect to prison conditions" in federal court "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement found in § 1997e(a) applies to all inmate suits about prison life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some

other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court and the Seventh Circuit have emphasized repeatedly that § 1997e(a) mandates exhaustion of all administrative procedures *before* an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (holding that a lawsuit must be dismissed "even if the plaintiff exhausts his administrative remedies while the litigation is pending"); *Perez v. Wis. Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999) ("[A] case filed before exhaustion has been accomplished must be dismissed.").

The Inmate Complaint Review System ("ICRS") is set forth in great detail in defendants' motions for summary judgment. (*See, e.g.*, Defs.' Br. (11-cv-110 dkt. #46.) In brief, to exhaust an offender complaint, a prisoner must receive a final decision from the Secretary of the DOC or designated reviewing authority. *See* Wis. Admin. Code § DOC 310.11(6) (describing appeal of rejected complaints); Wis. Admin. Code §§ DOC 310.07(4), (6), and (7) and DOC 310.13 (describing appeal of an adverse decision). An inmate who fails to comply with ICRS rules, fails to exhaust his administrative remedies. *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules -- rules that are defined not by the PLRA, but by the prison grievance process itself." (internal citation and quotation marks omitted)).

B. **Undisputed Facts**

    i. No. 10-cv-280

In the No. 10-cv-280 case, Carter signed the complaint on May 23, 2010, which was docketed on May 25, 2010. In that complaint, Carter asserts claims under the Eighth Amendment for (1) denial of prescribed treatment (including pain medication, mattress and pillows), (2) denial of meals, and (3) denial of toilet paper, and (4) a claim under the Fourth Amendment for excessive force due to defendants requiring him to stand on his swollen feet. With respect to these four claims,

1. Plaintiff filed an offender complaint regarding withholding of medication on May 17, 2010, with a final decision issued on July 24, 2010. (Defs.' Br. (10-cv-280 dkt. #58) 2-3.) Final decisions in three other, similar complaints were issued on July 21, 2010. (*Id.* at 3 n.2.) Plaintiff filed a complaint regarding the removal of a mattress on June 14, 2010, with a final decision issued on July 24, 2010. (*Id.* at 3.) Final decisions in three other, similar complaints were issued on July 15, 2010. (*Id.* at 3 n.3.)

2. Plaintiff filed a complaint concerning denial of meals on May 18, 2010. (*Id.* at 3-4.) The final decision in that complaint was issued on July 24, 2010. (*Id.* at 4.)

3. Plaintiff filed a complaint concerning denial of toilet paper on May 25, 2010. (*Id.*) Unlike the other complaints discussed above, that complaint was not accepted, but rather was returned to Carter with a letter indicating that he should provide documentation of his attempts to resolve the issue by

5

contacting Captain Radtke. (*Id.*) *See* Wis. Admin. Code § DOC 310.09(4) ("Prior to accepting the complaint, the ICE may direct the inmate to attempt to resolve the issue.").

4. Plaintiff filed an offender complaint concerning being forced to stand on March 29, 2010, with a final decision issued on June 9, 2010. (Defs.' Br. (10-cv-280 dkt. #58) 2.) He later filed four other complaints concerning being forced to stand, and the final decisions for those complaints occurred on or after July 24, 2010. (*Id.* at 2 n.1.)

ii. No. 10-cv-520

In the No. 10-cv-520 case, Carter signed the complaint on September 5, 2010, which was docketed on September 10, 2010. In that complaint, Carter asserts a First Amendment claim based on his alleged denial of telephone use. Carter filed 23 offender complaints about telephone issues which were returned to him for failure to comply with ICRS procedures. (Defs.' Br. (10-cv-520 dkt. #43) 2.) In particular, Carter failed to follow the two offender complaints per week rule. (*Id.*) *See* Wis. Admin. Code § 310.09(2). Carter did, however, file an accepted complaint on September 13, 2010. (*Id.*) The final decision on that complaint was issued on October 13, 2010. (*Id.*)

iii. No. 11-cv-110

In the No. 11-cv-110 case, Carter signed the complaint on February 8, 2011, which was docketed on February 15, 2011. In that complaint, Carter asserts three causes of action all under the Eighth Amendment for: (1) failure to protect him from a January 6, 2011, attack by a fellow inmate; (2) denial of medical care for injuries caused by the

6

attack; and (3) conditions of confinement based on blood, feces and urine in his cell. With respect to these three claims,

1. As an initial matter, Carter was issued a conduct report after the January 6, 2011, incident. (Defs.' Br. (11-cv-110 dkt. #46) 3.) The final decision on that conduct report was not issued until February 23, 2011. (*Id.*) Carter filed an offender complaint about his failure to protect claim on or about January 7, 2011. (*Id.*) That complaint was rejected because a conduct report had been issued. (*Id.*) Carter appealed the rejection and the final decision on that offender complaint occurred on January 20, 2011. (*Id.*) Final decisions on other offender complaints concerning a failure to protect were issued on February 8, 2011, and February 28, 2011. (*Id.* at 4.)

2. As for Carter's claim of denial of medical treatment following the January 6, 2011, incident, Carter filed four offender complaint, with final decisions issued for three on March 2, 2011, March 7, 2011, and March 23, 2011. (*Id.* at 4-6.) Carter failed to appeal the fourth complaint. (*Id.* at 5.)

3. Carter did not file any offender complaints regarding alleged unsanitary conditions in a cell which could serve as the basis for his conditions of confinement claim. (*Id.* at 6.)

C. Analysis

Carter does not dispute the administrative complaint record set forth above, effectively conceding that he failed to exhaust the claims underlying these three complaints entirely or at least before mailing his complaints. *See Ford*, 362 F.3d at 399

(holding that an action is "brought" under § 1997e(a) occurs when the complaint is mailed).

Based on this review of the record, the *only* claim which poses a close question is the failure to protect claim in No. 11-cv-110. Carter received a final decision on the offender complaint concerning a failure to protect *before* he filed the complaint in this court. Defendants argue, however, that the claim is still barred because "an inmate may not use the inmate complaint review system to challenge 'any issue related to a conduct report.'" *Lindell v. Frank*, No. 05 C 003 C, 2005 WL 2339145, at *1 (W.D. Wis. Sept. 23, 2005) (quoting Wis. Admin. Code § DOC 310.08). Carter received a conduct report for the January 6, 2011, incident, but the final decision on the conduct report was not issued until February 23, 2011, *after* he brought the No. 11-cv-110 case. In *Lindell*, an inmate alleged that the conduct report was due to retaliation for the inmate's protected activity. As such, the conduct report in *Lindell* arguably was more central to the retaliation claim then the failure to protect claim asserted here. Still, the question of whether another inmate attacked Carter -- as he alleges -- is relevant to evaluating an offender complaint concerning a failure to protect. As such, the court agrees with defendants that Carter was required to complete his appeal of the conduct report prior to filing the No. 11-cv-110 complaint.

Rather than dispute the record, plaintiff urges the court to deny the motions because defendants "received notice of, and [had] an opportunity to correct, a problem" before his filing, thereby "satisf[ying] the purpose of the exhaustion requirement." (Pl.'s Combined Opp'n (10-cv-280 dkt. #108) 8-9 (quoting *Turley v. Rednour*, 729 F.3d 645,

8

650 (7th Cir. 2013).) In *Turley*, the inmate received a final decision on an offender complaint challenging a lockdown policy. *Id.* at 648. The State, however, argued that this offender complaint failed to exhaust all of his claims because it only mentioned two specific instances. *Id.* at 650. The court disagreed, holding that "[i]n order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Id.* This holding does not, however, support Carter's argument that the filing of an inmate complaint is sufficient to constitute exhaustion. Rather, as in *Turley*, Carter was required to complete the required process *before* bringing suit in this court.

    Plaintiff also argues -- in his *pro* se submission and again in his submission by counsel -- that defendants have obstructed his access to the administrative process. (Pl.'s Combined Opp'n (10-cv-280 dkt. #108).) The record belies this assertion. Carter filed voluminous complaints during the relevant period as tracked in defendants' detailed submissions. In some instances, these complaints were returned to Carter with instructions on required steps before he could proceed; others were rejected; and several were accepted. Carter participated in the system by appealing dismissals through final decisions. For most of his claims, Carter simply "jumped the gun" by filing actions in this court before receiving final decisions from the appropriate authority. *Ford*, 362 F.3d at 398. While Carter likely finds ICRS frustrating and inadequate, he is nevertheless required to participate in that system before availing himself of the federal court system.

Accordingly, the court will dismiss without prejudice Nos. 10-cv-280, 10-cv-520, and 11-cv-110.  *See Ford*, 362 F.3d at 401 (holding that all dismissals under § 1997e(a) should be without prejudice).

## II. Defendants' Motion to Compel Discovery Responses

Also before the court is defendants' motion to compel complete discovery responses in Nos. 10-cv-510 and 12-cv-574 -- the two remaining cases.  (10-cv-510 dkt. #62; 12-cv-574 dkt. #61.)  As described in defendants' submissions, defendant served discovery in these two cases on July 25, 2013.  Plaintiff's counsel entered an appearance on August 13, 2013, and defendants sent the discovery requests to plaintiff's counsel the following day -- August 14, 2013 -- requesting responses no later than August 27, 2013. After agreeing to extensions, defendants received incomplete or inadequate responses on October 15, 2013.  Defendants' counsel described the deficiencies in an email to plaintiff's counsel the next day.  Plaintiff's counsel agreed to supplement the response by October 25, 2013, but had still failed to do so by the time defendants filed their motion to compel on November 27, 2013.

Plaintiff effectively concedes the inadequacy of his initial responses, but contends: (1) plaintiff's counsel encountered great difficulty in contacting Carter to obtain information relevant to the responses; and (2) once counsel was able to speak with Carter on November 4, 2013, he "was largely unable [to] recall the information requested (for example, specific dates when certain grievances or administrative complaints were filed)

and stated that the information would be in records that Defendants maintain." (Pl.'s Opp'n (10-cv-510 (dkt. #66).)

In light of this representation, it appears plaintiff is unable to supplement his responses further. The court will, therefore, deny defendants' motion, although plaintiff is obviously bound by his responses to date and the representation made through counsel in his brief. If Carter attempted to change, revise or provide more extensive responses during his deposition on December 6, 2013, the court will consider an appropriate sanction, including, but not limited to, requiring Carter to sit for an additional telephonic deposition.

### III. Plaintiff's Second Motion to Extend Expert Deadline Disclosures

Finally, on December 2, 2013, instead of serving his expert disclosure, plaintiff filed a second motion to extend the deadline until January 17, 2014. (12-cv-574 dkt. #64.)[1] Magistrate Judge Crocker had already extended the deadline, which in turn required an extension of the dispositive motion deadline. In that order, Judge Crocker explained:

> Having heard from both sides on plaintiff's motion to extend his deadline to disclose experts, plaintiff's deadline to disclose experts is moved to December 2, 2013, defendants' deadline to disclose experts is moved to January 31, 2014, and the deadline to file dispositive motions is moved to February 14, 2014, with responses due within 21 days and replies due within 10 days after the filing of any response(s). *No further*

---

[1] Plaintiff filed this motion in three cases: Nos. 10-cv-280, 10-cv-520 and 12-cv-574. This motion is moot as to the two cases dismissed above: Nos. 10-cv-280 and 10-cv-520.

> *extensions of any of these deadlines are possible on this schedule, so none will be given.*

(12-cv-574 dkt. #57 (emphasis added).)

In response, defendants propose that (1) the court extend plaintiff's deadline until December 16, 2013, (2) similarly extend defendants' deadline two weeks until February 14, 2014, and (3) keep the dispositive motion deadline in place. The court finds this approach reasonable -- indeed, it is the only solution in light of the dispositive motion deadline which cannot move in order to accommodate the July 7, 2014, trial date, which will not be moved. In light of the court's own delay in ruling on this request, however, plaintiff's motion will be granted in part and denied in part: the new (and final) deadline is December 30, 2013, with defendants' disclosure deadline now February 14, 2014.

ORDER

IT IS ORDERED that:

1) Defendants' motion for summary judgment in No. 10-cv-280 (dkt. #57) is GRANTED. Plaintiff Jackie Carter's claims are dismissed without prejudice and the clerk of the court is directed to close this case.

2) Defendants' motion for summary judgment in No. 10-cv-520 (dkt. #42) is GRANTED. Plaintiff Jackie Carter's claims are dismissed without prejudice and the clerk of the court is directed to close this case.

3) Defendants' motion for summary judgment in No. 11-cv-110 (dkt. #45) is GRANTED. Plaintiff Jackie Carter's claims are dismissed without prejudice and the clerk of the court is directed to close this case.

4) Defendants' motion to compel discovery responses (No. 10-cv-510 dkt. #62; No. 12-cv-574 dkt. #61) is DENIED.

5) Plaintiff's motion for extension of time to disclose experts (No. 12-cv-574 dkt. #64) is GRANTED IN PART AND DENIED IN PART. Plaintiff's expert disclosures are now due on or before December 30, 2013. **No further**

>    **extensions will be granted.**  Defendants' disclosures are now due February 14, 2014.

6) Plaintiff's counsel Gabriel Benjamin Galloway is designated as counsel for purposes of obtaining funding from the Western District Bar Association's pro bono fund.

Entered this 16th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge
